## Commonwealth v. Safe Deposit Bank and Trust Company.

*Paul C. Wagner*, Deputy Attorney-General; *Harold D. Saylor*, Deputy Attorney-General, and *Cyrus E. Woods*, Attorney-General, for plaintiff.

*Hazlet, Gardner & Gannon*, for defendant.

Fox, J., Feb. 21, 1930.—The Commonwealth is asking for a decree of ouster in this case, to which the defendant makes no serious objection. There is a slight controversy over the form of decree the court should make and also the question of costs.

The facts agreed upon are that the Safe Deposit Bank and Trust Company, defendant above named, was merged with the National Bank of Tarentum under the provisions of the laws of 1918, chapter 209, of the laws of the United States, as amended by the Act of Feb. 25, 1927, chapter 191, and that the defendant company was consolidated with the National Bank of Tarentum under the charter of the latter; that the consolidated body thereupon became known as the First National Bank and Trust Company, and that the defendant company has not exercised its corporate rights and privileges since the date of the merger and consolidation, which date was June 1, 1927.

The proceeding is brought under the Act of June 15, 1923, P. L. 809, as amended by the Act of May 5, 1927, P. L. 762. Section 17, *inter alia*, provides: "When any corporation under the supervision of the department . . . *(c)* has failed to exercise its corporate privileges for two years, such corporation shall be returned by the secretary to the Attorney-General, who shall proceed by *quo warranto* against such corporation, to the end that it may be ousted from its charter rights, and its corporation privileges may be declared null and void."

The First National Bank and Trust Company mentioned above is not by the consolidation a newly created corporation of the Federal Government, but, under authority of the United States laws, is an enlargement of the said national corporation. As stated by counsel for defendant in the agreement of facts, all of the assets of the defendant company were transferred to the National Bank and Trust Company. The National Bank and Trust Company did not take over the charter of the defendant company. It could not do this unless by and with the consent of the State of Pennsylvania, for which we have no statutory authority. The charter was not surrendered by the defendant company upon this consolidation and no move was made by the defendant company to have the charter dissolved. The period of two years after the consolidation has more than passed in which time defendant company did no business. In accordance with the provisions of section 17 of the Act of 1923,

*supra*, the Secretary of Banking returned to the Attorney-General that information and under it the latter proceeded by this writ against the defendant, to the end that it may be ousted from its charter rights and its corporation privileges be declared null and void.

The defendant corporation could have, after the consolidation, gone into the proper court, surrendered its charter and had the corporation dissolved under the provisions of section 1 of the Act of April 9, 1856, P. L. 293, or it could do as it did, not use its charter for over two years and have the same terminated by a writ of *quo warranto*. If it had done the former, these costs would not have been incurred.

Wherefore, we are of the opinion that judgment of ouster should be decreed and defendant pay the costs.

And now, Feb. 21, 1930, upon due consideration, it is hereby ordered, adjudged and decreed that the Safe Deposit Bank and Trust Company, defendant above named, is hereby ousted from its charter rights, and its corporation privileges are declared null and void, and that the defendant pay the costs of this proceeding.

From Homer L. Kreider, Harrisburg, Pa.